

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-1995

# Wujick v Dale & Dale

Precedential or Non-Precedential:

Docket 93-1853

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Wujick v Dale & Dale" (1995). *1995 Decisions.* Paper 5.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/5

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 93-1853


PHYLLIS WUJICK and JOSEPH MATISKA,

                                        Appellees

                    v.

DALE & DALE, INC., DALE & DALE DESIGN & DEVELOPMENT, INC.,
      t/d/b/a DALE & DALE HOMES, ATLANTIC FINANCIAL a/k/a
ATLANTIC FINANCIAL FEDERAL, ESTATE OF FINANCIAL FEDERAL R.T.C.,


      Defendants,

            RESOLUTION TRUST CORP.,
            in its capacity as Receiver for
            Atlantic Financial Federal,

                                        Appellant


            Appeal from the
      United States District Court
for the Eastern District of Pennsylvania
      (D.C. Civil No. 93-1939).



            Argued March 8, 1994


      BEFORE: MANSMANN, LEWIS and SEITZ, Circuit Judges.

            (Filed: October 13, 1994)


William R. Thompson, Esquire
Robert C. Seiger, Jr., Esquire
Richard M. Beck, Esquire (Argued)
Klehr, Harrison, Harvey, Branzburg & Ellrs

1401 Walnut Street
Philadelphia, Pennsylvania 19102
<u>ATTORNEYS FOR APPELLANT</u>

David P. Tomaszewski, Esquire (Argued)
Kimberly D. Borland, Esquire
Borland and Borland
1100 PNC Bank Building
Wilkes-Barre, Pennsylvania 18701
     ATTORNEY FOR APPELLEES

_____

OPINION OF THE COURT

SEITZ, Circuit Judge.


One of the defendants, Resolution Trust Corporation, in its capacity as Receiver for Atlantic Financial Federal, appeals an order of the district court remanding this action to the Court of Common Pleas of Luzerne County, Pennsylvania. The issues before us are whether the district court had subject matter jurisdiction under 12 U.S.C. § 1441a(l) (Supp. V 1993), which grants both jurisdiction to the federal courts and removal power to RTC. This Court has jurisdiction under 12 U.S.C. § 1441a(l)-(3)(C) (Supp. V 1993), which empowers RTC to "appeal any order of remand entered by a United States district court."

## I. FACTS

On January 11, 1990, the Office of Thrift Supervision, Department of the Treasury of the United States, appointed the Resolution Trust Corporation (RTC) as Receiver for the defendant, Atlantic Financial Federal ("Old Atlantic"), a savings and loan association. After accepting the appointment, RTC created a new federal savings association, Atlantic Financial Savings, F.A. ("New Atlantic"), pursuant to 12 U.S.C. § 1821(d)(2)(A) (Supp. V

1993), to assume such assets of the failed institution as RTC-Receiver might deem appropriate. The Office of Thrift Supervision then appointed RTC as Conservator of New Atlantic. RTC-Receiver of Old Atlantic and New Atlantic executed a Purchase and Assumption Agreement, whereby New Atlantic purchased substantially all of the assets of Old Atlantic. Unsecured obligations to general creditors, however, remained with Old Atlantic.

Sometime prior to the takeover of Old Atlantic by Resolution Trust, the plaintiffs in this action had contracted with defendant Dale and Dale ("Dale & Dale") to build a home for them in Pennsylvania. Old Atlantic had financed the construction. Plaintiffs became dissatisfied with the construction and Old Atlantic's handling of the loan proceeds. Thereafter, the plaintiffs commenced this action in the Luzerne County Court of Common Pleas against Dale & Dale and, inter alia, RTC. They did so by filing a praecipe for a writ of Summons ("Writ") with that court on April 12, 1990.

On April 16, 1990, the Luzerne County sheriff served the Writ at Atlantic Financial offices in Wilkes-Barre, Pennsylvania. The Writ named RTC as a defendant.[1] On that date the Wilkes-Barre offices were owned and operated by RTC as Conservator for

_____

[1]. Plaintiffs-appellees designated this defendant as "Atlantic Financial, a/k/a Atlantic Financial Federal; Estate of Financial Federal R.T.C." RTC-Receiver substituted itself as a defendant in its later notice of removal.

New Atlantic, not RTC as Receiver for Old Atlantic.  The Writ was served without a complaint or any other indication of the subject-matter of the action.  It merely recited that "the plaintiff(s) have commenced an action in law against you."  The procedure was consistent with Pennsylvania practice.[2]

Plaintiffs contend that on April 16, 1990, four days after they commenced the action in the Luzerne County court by filing the praecipe, they filed the statutorily required administrative claim with the RTC.  They argue that RTC "ignored" the administrative claim.  There is no documentary evidence of such a claim in the record.  However, during oral argument, RTC's counsel stated that although it had no record of the claim, it conceded that the administrative claim was "constructively denied" because of RTC's inaction.  Without understanding the logic of RTC's concession, we shall treat it as a judicial admission that plaintiffs filed such a claim.  However, RTC did not concede that any such claim for administrative relief was timely filed.

---

[2].  The Pennsylvania rule provides:
> **Rule 1007.   Commencement of Action**
>> An action may be commenced by filing with the prothonotary
>>> (1) a precipe for a writ of summons,
>>>
>>> (2) a complaint, or
>>>
>>> . . . .

PA. STAT. ANN. tit. 42, § 1007 (1987).

No further pertinent action appears to have taken place until January 19, 1993, when the plaintiffs filed a complaint in the Luzerne County action.  On March 23, 1993, it was served on RTC-Receiver in Norristown, Pennsylvania.  RTC then removed the case to the United States District Court for the Eastern District of Pennsylvania on April 12, 1993.  Based on 28 U.S.C. § 1447(c) (Supp. V 1993),[3] plaintiffs made a timely motion for remand to the state court which was granted.  RTC now appeals that order which has been stayed.

## II. SUBJECT MATTER JURISDICTION

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") confers original subject matter jurisdiction on United States district courts to hear cases involving RTC. 12 U.S.C. § 1441a(l)(1).[4]  Section

---

[3].  As the Fifth Circuit has pointed out: "FIRREA imposes no time limit on motions to remand.  In the absence of specific contrary provisions, we look to the general removal statute, 28 U.S.C. § 1447(c) . . . ." Resolution Trust Corp. v. Sonny's Old Land Corp., 937 F.2d 128, 131 (5th Cir. 1991).

[4].  FIRREA provides:
> **(*l*) Power to Remove; jurisdiction**
>   **(1) In general**
>     Notwithstanding any other provisions of law, any civil action, suit, or proceeding to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts shall have original jurisdiction over such action, suit, or proceeding.

12 U.S.C. § 1441a(l)(1) (Supp. V 1993).

1441a(l)(3) of the Act permits RTC to remove any suits, to which it is a party, to the district court within certain time frames.[5] In the present case, the district court concluded that RTC had not timely removed the state action.  RTC argues that the state action was timely removed because 1) the April 16, 1990 service was improper and 2) a Writ is not a document which initiates the thirty-day removal provision.

Compliance with the procedures for removal, e.g. timeliness of removal, are procedural issues to be distinguished from subject matter jurisdiction in the district court. See Medlin v. Boeing Vertol Co., 620 F.2d 957, 960 (3d Cir. 1980); see also Spring Garden Assoc., L.P. v. Resolution Trust Corp., 26 F.3d 412, 415 (3d Cir. 1994); In re Digicon Marine, Inc., 966

---

[5].  The section reads:

**(l) Power to Remove; jurisdiction          (3) Removal and remand**

**(A) In general**
. . . .

The removal of any such suit or proceeding shall be instituted——

**(i)**   not later than 90 days after the date the Corporation is substituted as a party, or
**(ii)**   not later than 30 days after service on the Corporation, if the Corporation is named as a party in any capacity and if such suit is filed after August 9, 1989.

12 U.S.C. § 1441a(l)(3) (Supp. V 1993).

F.2d 158, 160 (5th Cir 1992); <u>Nolan v. Boeing Co.</u>, 919 F.2d 1058, 1063 n.6 (5th Cir. 1990) ("The time limitation for removal is not jurisdictional; it is merely `modal and formal and may be waived.'").

This Court has stated, "[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review." <u>Spring Garden</u>, 26 F.3d at 415 (quoting <u>Employers Ins. of Wausau v. Crown Cork & Seal Co.</u>, 905 F.2d 42 (3d Cir. 1990)). Therefore, we shall put aside addressing the procedural problems presented by the parties and address directly the subject matter jurisdiction of the district court with respect to RTC. This Court exercises plenary review in determining whether the lower courts had subject matter jurisdiction. <u>National Union Fire Ins. Co. v. City Savings, F.S.B.</u>, 28 F.3d 376, 383 (3d Cir. 1994).

**Exhaustion of Administrative Remedies**

Since our Court has an independent obligation to determine the subject matter jurisdiction of the district court, we proceed to that task. Although the district court did not address the issue of its subject matter jurisdiction, we conclude that the ends of judicial economy dictate that we resolve this legal issue because the facts relevant to its disposition are not in dispute.

Plaintiffs commenced their suit in state court by filing a praecipe for a writ of summons on April 12, 1990. However, they

did not file their administrative claim with RTC until April 16, 1990, some four days after the filing of this suit in state court.  The critical question is whether the state action is jurisdictionally infirm under FIRREA because it was filed by the plaintiffs against RTC, etc., prior to exhaustion of their administrative remedies.  We turn now to the pertinent provisions of FIRREA.

FIRREA has created a comprehensive administrative procedure for adjudicating claims against a failed depository institution.  RTC as Receiver initiates the administrative process by notifying the failed institution's creditors to present their claims to RTC Receiver. 12 U.S.C. § 1821(d)(3)(B)(i) (Supp. V 1993).  Once a creditor timely presents its claim, the RTC-Receiver has 180 days to consider the claim and determine whether it will be allowed or disallowed, and to notify the claimant of its disposition. 12 U.S.C. § 1821(d)(5)(A)(i) (Supp. V 1993).

Section 1821(d)(6)(A) provides for judicial review only for suits brought within sixty days after the claim has been disallowed by the RTC-Receiver or the 180-day statutory period has expired without action on the claim by the Receiver.  The statute provides:

> **(D)  Limitation on judicial review**
>   Except as otherwise provided in this subsection, no      court shall have jurisdiction over—
>     (i)  any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been

> appointed receiver, including assets which the
> Corporation may acquire from itself as such
> receiver . . . .

12 U.S.C. § 1821(d)(13)(D) (Supp. V 1993).[6]  This Court has very

recently stated:

> [W]e have characterized the jurisdictional restric-
> tion in § 1821(d)(13)(D) as a statutory exhaustion
> requirement: in order to obtain jurisdiction to
> bring a claim in federal court, one must exhaust
> administrative remedies by submitting the claim to
> the receiver in accordance with the administrative
> scheme for adjudicating claims detailed in
> § 1821(d).

National Union Fire Ins. Co., 28 F.3d at 383 (citing Rosa v.

Resolution Trust Corp., 938 F.2d 383, 391 (3d Cir.), cert.

denied, 112 S. Ct. 582 (1991)) (footnote omitted).  Therefore, a

court would lack subject matter jurisdiction unless the

administrative procedures set out in FIRREA were exhausted. See

id.; Althouse v. Resolution Trust Corp., 969 F.2d 1544, 1545–46

(3d Cir. 1992); Praxis Properties, Inc. v. Colonial Sav. Bank,

S.L.A., 947 F.2d 49, 63 (3d Cir. 1991); FDIC v. Shain, Schaffer &

Rafanello, 944 F.2d 129, 132 (3d Cir. 1991).

At the time plaintiffs filed the praecipe with the Luzerne

County, Pennsylvania court seeking a Writ, no court had subject

matter jurisdiction over the suit because plaintiffs had failed

to exhaust the administrative remedies mandated by section

1821(d)(13)(D) of FIRREA.  In their later letter brief to this

---

[6].  The provisions of 12 U.S.C. § 1821 are made applicable to RTC
by 12 U.S.C. § 1441a(b)(4)(A).

Court, as well as in the briefs originally filed in this Court, plaintiffs argue a "no-harm, no-foul" rule. They contend that "the end result would be the same whether the Plaintiff waited to file the Writ of Summons after the one hundred and eighty (180) day period." Letter Brief of Appellee at 3, Wujick v. Dale & Dale, Inc., et. al., No. 93-1939 (Feb. 25, 1994). Plaintiffs' argument is incompatible with controlling law.

As this Court has stated, "Congress expressly withdrew jurisdiction from all courts over any claim to a failed bank's assets made outside the procedures set forth in section 1821." Shain, Schaffer & Rafanello, 944 F.2d at 132. In addition, the United States Supreme Court, in interpreting the exhaustion provision of the Federal Tort Claims Act, firmly rejected the "no harm, no foul" reasoning and held that where Congress has imposed an administrative exhaustion requirement by statute, the exhaustion of those procedures is mandatory. See McNeil v. United States, 113 S. Ct. 1980 (1993).

Finally, plaintiffs say that RTC never responded to their administrative claim once it was filed on April 16, 1990. Under the statutory scheme, however, that argument is irrelevant because their administrative claim was initiated after their state action was commenced in 1990. Since plaintiffs did not timely exhaust their administrative claim, the district court lacked subject matter jurisdiction of the action. Since the state court also lacked subject matter jurisdiction for the same

reason, a remand by the district court would be a vacuous act. We will therefore direct the district court to dismiss the claims against RTC.


## III.   OTHER CLAIMS

Plaintiffs' state court complaint named certain other defendants, e.g., Dale & Dale.  On the present record, we are not in a position to dispose of the claims against the other defendants.  Consequently, we will, therefore, remand the case as to such claims to afford those parties an opportunity to present their positions to the district court for appropriate disposition.


## IV.   CONCLUSION

The order of the district court remanding this action against RTC to the state court will be reversed with a direction to dismiss the claim against it.

So much of the order of the district court as remands the claims against the defendants other than RTC will be vacated and the claims remanded to the district court for appropriate disposition.