**BURLINGTON RESOURCES OIL & GAS COMPANY, a Delaware Corporation, as successor to Meridian Oil, Inc., by name change, a Delaware corporation, Plaintiff,**

v.

**COLORADO OIL AND GAS CONSERVATION COMMISSION DEPARTMENT OF NATURAL RESOURCES, State of Colorado, a State Agency, Cedar Ridge, L.L.C., a Colorado limited liability company; Southern Ute Indian Tribe; Bruce Babbit, Secretary of the Interior, United States Department of Interior, Defendants.**

Civil Action Nos. 96–AP–2349, 96–AP–2352.

United States District Court, D. Colorado.

Dec. 10, 1997.

Carleton L. Ekberg, Robert Douglas Buettner, Poulson, Odell & Peterson, LLC, Denver, CO, for Plaintiff/Petitioner.

Cynthia Lane McNeill, Attorney's General's Office, Natural Resources Unit, Lori J. Coulter, PC, Peter T. Moore, Michael J. Wozniak, Daniel Frederick Wolf, Clanahan, Tanner, Downing & Knowlton, P.C., Denver, CO, Thomas H. Shipps, Maynes, Bradford, Shipps & Sheftel, Durango, CO, Robert D. Clark, U.S. Attorney's Office, Civil Division, Denver, CO, for Defendants/Respondents.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Burlington Resources Oil and Gas Company ("Burlington") sues the Colorado Oil and Gas Conservation Commission ("COGCC"), Cedar Ridge, L.L.C.; the Southern Ute Indian Tribe (the "Tribe"); Bruce Babbitt, Secretary of the Interior, and the United States Department of the Interior. The COGCC and Bureau of Land Management ("BLM") issued permits to Cedar Ridge for recompletion of two oil and gas wells located under land owned by the United States of America in trust for the Southern Ute Indian Reservation.

Burlington is a successor lessee of other trust lands within the reservation boundaries. It filed separate actions and motions to stay in state court with respect to each well which the COGCC allowed Cedar Ridge to recomplete, asserting administrative and constitutional claims. The state court issued ex parte stays preventing recompletion of the wells. Cedar Ridge filed a motion to dismiss and to dissolve the stay. The United States removed the cases to federal court while the motion to dismiss was pending.

I heard argument on Cedar Ridge's Motion to Dismiss on October 21, 1996 and dissolved the ex parte restraining orders issued by the state court. I also granted the United States' unopposed motion to consolidate the two cases. The Defendants filed a Joint Motion to Dismiss and for Sanctions on October 31, 1996. The motion was referred to Magistrate Judge West, and the matter is now before me on the parties' various objections to the magistrate's recommendation.

### I. *Standard of Review.*

Pursuant to Federal Rule of Civil Procedure 72(b), I make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate's disposition to which specific written objection has been made in accordance with this rule.

### II. *Background.*

Policy and procedures with respect to oil and gas production on Indian land are governed by two Memoranda of Understanding, which Magistrate Judge West detailed as follows. On August 22, 1991 the BLM and COGCC entered into a Memorandum of Understanding ("Colorado MOU") for the purpose of providing oil and gas operators with a consistent policy and procedure with respect to federal/Indian lands. The objectives of the MOU were to "(1) avoid the duplication of efforts by the responsible oil and gas permitting agencies, and (2) clearly define jurisdictional authority." Decisions by the COGCC on matters involving Indian lands "shall be deemed ... to be a decision of the BLM" and "[a]ny interested party shall have the same opportunity to appeal or challenge such decisions (by the COGCC) as if said decision had been rendered exclusively by the BLM, Colorado State Director, through the State Director Review Process outlined in 43 C.F.R. 3165.3" (See Colorado MOU at 4, ¶ 4b.)

Simultaneous with the "Colorado MOU," the Tribe, BLM and the Bureau of Indian Affairs ("BIA"), United States Department of Interior entered into a Memorandum of· Understanding ("Tribal MOU") governing spacing requests on Indian lands. In this Tribal MOU, the parties agreed, before the BLM expresses its concurrence with the COGCC regarding spacing request regarding Indian lands, the Tribe must first notify the BLM of the Tribe's concurrence with the request. The parties also expressed agreement regarding the limited jurisdiction of the COGCC with regard to Indian lands, noting the COGCC by itself lacked the jurisdiction to render decisions effecting Indian land.

### III. *Recommendation of Magistrate.*

On March 7, 1997 Magistrate Judge West issued his Recommendation on the Defendants' Joint Motion to Dismiss and for Sanctions. He recommended the motion to dismiss be granted because Burlington had failed to exhaust its administrative remedies, as it had not appealed the COGCC's decision to the Interior Board of Land Appeals ("IBLA") as required by the Colorado MOU. I agree and adopt this recommendation.

The magistrate also found the Colorado state court lacked subject matter jurisdiction over claims involving Indian tribes on Indian land. He held where the state court lacked jurisdiction, the federal court to which the case is removed also lacked jurisdiction. I agree the Colorado state court lacked subject matter jurisdiction over this claim, and agree that, upon removal, I also lacked subject matter jurisdiction.

Magistrate Judge West recommended that the Defendants' Motion for Sanctions be denied, due to the complexity of the case and Burlington's good faith presentation of an arguably meritorious legal theory. I agree and adopt this recommendation.

### IV. *The Exhaustion Issue.*

Burlington argues Colo.Rev.Stat. § 34–60–111 (1995), governing judicial review of decisions by the COGCC and Colo.Rev.Stat. § 24–4–106 (1988 and Supp.1996), governing judicial review of decisions by state agencies do not provide for intermediate procedures before judicial review. Burlington also argues that administrative remedies provided by the Colorado MOU are not exclusive and to regard them as such would be inconsistent with the Colorado statutes.

■ Burlington's argument that the Colorado statutes governing judicial review provide no intermediate administrative procedure ignores the general rule established in

Colorado that failure to exhaust administrative remedies before seeking judicial relief is a jurisdictional defect. *See Kendal v. Cason,* 791 P.2d 1227, 1228 (Colo.App.1990). Burlington also fails to address the numerous federal cases cited by Magistrate Judge West which require exhaustion of administrative remedies.

█ The Colorado MOU includes the required administrative procedure to challenge or appeal a decision made by the COGCC:

Should the COGCC render a decision or order after the parties have followed the approved procedures contained in this agreement, said COGCC decision shall be deemed by the parties hereto to be a decision of the BLM. Any interested party shall have the same opportunity to appeal or challenge such decision as if said decision had been rendered exclusively by the BLM, Colorado State Director, through the State Director Review process outlined in 43 C.F.R. 3165.3.

(Colorado MOU at 4, ¶ 4b.) The Code of Federal Regulations requires any party who is adversely affected by the State Director's decision to appeal that decision to the Interior Board of Land Appeals. 43 C.F.R. 3165.3(a).

Burlington cites no authority for its argument that the appeals process provided in the MOU is not exclusive. The parties to the Colorado MOU agree the COGCC's authority to regulate oil and gas production on Indian land is limited. Moreover, the COGCC, the Tribe, and the BLM state the purpose of the MOU is to provide oil and gas operators with consistent policies and procedures regarding spacing requests on Indian land, and the objectives of the MOU are to avoid duplication of effort by the permitting agencies and to define jurisdictional authority clearly between them. (Colorado MOU at 1, ¶ B and ¶ C.) To regard the review process provided in the MOU as non-exclusive would defeat the purpose and objectives.

I find the administrative remedies required by the Colorado MOU are exclusive, and that Burlington must exhaust the administrative review procedures by seeking and obtaining a decision from the Interior Board of Land Appeals before this court gains subject matter jurisdiction.

### V. *State Court Jurisdiction and Preemption.*

█ Burlington objects to Magistrate Judge West's determination that because the dispute involves the Tribe and its trust lands, the state court had no subject matter jurisdiction to hear the matter. It also objects to his determination that federal law preempts any state law requirement regarding oil and gas production on Indian land.

Burlington argues the state legislature has granted jurisdiction to the COGCC over the spacing request in this case, and therefore Colorado state courts retain jurisdiction over this matter despite the involvement of the Tribe. The magistrate, citing *Lyon v. Amoco Production Co.,* 923 P.2d 350 (Colo.App. 1996), found Colorado state courts lack subject matter jurisdiction over claims arising from activities in which a tribe has an economic or regulatory interest and which occur on Indian Lands. I find Burlington's attempts to distinguish *Lyon* from the facts of this case unpersuasive.

In addition, the Colorado and Tribal MOUs clearly indicate that the COGCC, BLM, and the BIA recognize that absent consent of the parties, the COGCC lacks jurisdiction to enter binding decisions affecting Indian Land. (MOUs at 4, ¶ 4.) Thus, the authority of the COGCC does not provide a separate basis for state court jurisdiction in this case. Therefore, I agree with the finding that Colorado state courts lack jurisdiction over this claim because it arises on Indian land.

█ Magistrate Judge West also found the substantial and pervasive set of federal statutes regulating oil and gas leasing on Indian land preempt any state regulations regarding spacing determinations. Burlington does not dispute the general proposition that Indian tribes are sovereign and immune from suit. However, it argues that under the specific factual circumstances of this case, regulatory authority by the COGCC is not preempted by federal law, and therefore the jurisdiction of the Colorado courts to consider appeals is

not destroyed by the involvement of the tribe.

This argument is without merit. As I have previously noted, the COGCC acknowledges that absent the consent of the parties to the MOUs, the COGCC acting pursuant to state as opposed to federal law, lacks jurisdiction to enter binding decisions affecting Indian land.

Second, Burlington cites *Lyon* in support of the argument that the COGCC is the proper regulatory authority having primary jurisdiction of oil and gas operations located on non-Indian land within the exterior boundary of the reservation. However, the *Lyon* court stated the COGCC may have jurisdiction in cases addressing activities of non-Indians on land within the boundaries of the reservation owned in "fee simple" by non-Indians. *Lyon* 923 P.2d at 354. Here, Burlington is a successor lessee of trust land and not fee simple owner of lands within the reservation.

For the above reasons, I agree with Magistrate Judge West's determination that federal law preempts the regulatory authority of the COGCC in this case.

### VI. *Federal Jurisdiction.*

Magistrate Judge West found where the state court lacks subject matter jurisdiction before removal, the federal court to which the case is removed also lacks jurisdiction. Therefore, he concludes this court lacks jurisdiction over Burlington's action.

■ Burlington argues the cases cited by Magistrate Judge West predate 28 U.S.C. § 1441(e) (1988), which repealed the doctrine of derivative jurisdiction over claims such as this, brought in state court on or after June 19, 1986.

The statute provides:

The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the state court from which such civil action is removed did not have jurisdiction over that claim.

28 U.S.C. § 1441(e) (1988). The purpose of this provision was to eliminate the judicial inefficiency created by the "arcane" concept of derivative jurisdiction that prevented the federal courts from exercising jurisdiction over a removed state court action, even where a federal court would have possessed "exclusive jurisdiction" had the action been filed initially in the federal court. *McAllister Bros., Inc. v. Ocean Marine Indem. Co.*, 742 F.Supp. 70, 74 (S.D.N.Y.1989).

Thus, in order to retain jurisdiction under § 1441(e) this action must be one over which this court possesses exclusive jurisdiction. Congress has not provided for jurisdiction in the federal courts merely because an Indian Tribe is a party to the action. *Charrier v. Bell*, 547 F.Supp. 580, 583. (M.D.La.1982). A statutory grant of jurisdiction must be found. *Id.*

■ Burlington asserts no basis for me to have exclusive jurisdiction over this action, and I find none. Moreover, even if this action had been filed initially in this court, dismissal would have been required because of Burlington's failure to exhaust its administrative remedies. I therefore conclude the Colorado state court had no subject matter jurisdiction, and, because there is no statutory grant of jurisdiction, upon removal no subject matter jurisdiction exists.

### VII. *Sanctions.*

■ The non-federal Defendants object to Magistrate Judge West's recommendation that I deny their motion for sanctions, fees and costs. The magistrate determined Burlington's original filing in state court was based on a good faith presentation of an arguably meritorious legal theory as required by Colo.Rev.Stat. § 13–17–102 (1987 and Supp.1996). His finding was based on the complexity of the subject matter jurisdiction issue where the action involved Indian land. The Defendants argue Burlington initiated this action in bad faith by ignoring the controlling precedent in *Lyon.* They also argue the magistrate did not consider the fact that Meridian Oil, a related company to the plaintiff, was a defendant in *Lyon.* Defendants base their request for sanctions not only on Colo.Rev.Stat. § 13–17–102, but also on Fed. R.Civ.P. 11, Colo.R.Civ.P. 11 and 28 U.S.C. § 1927. Although I find Burlington's at-

tempts to distinguish *Lyon* unpersuasive, sanctions are not appropriate.

## VIII. *Conclusion.*

For the above reasons, I overrule the objection to the magistrate's finding that Burlington failed to exhaust its administrative remedies, overrule its objection to his finding the state court lacked jurisdiction, and upon removal I lack subject matter jurisdiction, and overrule Defendant's objection to denial of sanctions.

■ I conclude this court lacks subject matter jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). However, where the state court lacks jurisdiction for plaintiffs' failure to timely exhaust their administrative remedies, and the district court lacks jurisdiction for the same reason, dismissal is appropriate. *See Wujick v. Dale & Dale, Inc.,* 43 F.3d 790, 794 (3rd Cir.1994). The *Wujick* court reasoned a remand would be a vacuous act. *Id.* I agree, and find dismissal is appropriate here for the same reason.[1]

Accordingly,

IT IS ORDERED THAT the Recommendation of Magistrate is ADOPTED;

IT IS FURTHER ORDERED THAT Defendants' motion to dismiss is GRANTED;

IT IS FURTHER ORDERED THAT Defendant's motion for sanctions is DENIED; and

IT IS FURTHER ORDERED THAT this case is DISMISSED with each party to pay its own costs.

---

1. The Tribe citing *International Primate Protection League v. Administrators of Tulane Educational Fund,* 500 U.S. 72, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991), asks me to apply the "futility exception" to 28 U.S.C. § 1447(c) and dismiss this action, rather than remand it. Because there is no challenge to the removal of this action, I conclude dismissal is appropriate without a futility exception analysis.