**Leah WILDER, Plaintiff,**

v.

**Dr. Trinka LUZINSKI, Covenant House Health Services, and Covenant House Inc., Defendants.**

**Civil Action Nos. 00–3438, 00–3439.**

United States District Court,
E.D. Pennsylvania.

Dec. 4, 2000.

Xavier P. Hayden, Theodore M. Schaer, Zarwin, Baum, Devito, Kaplan & O'Donnell, Philadelphia, PA, for Plaintiff.

Benjamin R. Barnett, James G. Sheehan, U.S. Attorneys Office, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This is a medical malpractice and negligence case brought by Plaintiff Leah Wilder ("Plaintiff") against Defendants Dr. Trinka Luzinski ("Dr.Luzinski"), Covenant House Health Services and Covenant House, Inc. (collectively "Covenant House"). In her two, now-consolidated Complaints, Plaintiff alleges that she suffered injuries resulting from the improper and inadequate medical treatment provided by Dr. Luzinski and Covenant House

while she was a patient at Covenant House from 1990 to 1997. Presently before the Court is the United States' Motion to Dismiss for lack of subject-matter jurisdiction. For the reasons below, we will grant the Motion.

## BACKGROUND

This case arises from two separate lawsuits filed by Plaintiff in the Court of Common Pleas of Philadelphia County. Plaintiff filed the first Complaint on December 10, 1999, naming Dr. Luzinski and Covenant House Health Services as Defendants. On March 14, 2000, Plaintiff filed a second, largely identical Complaint, which differed from the first only in that it added a separate negligence count against Covenant House, Inc., which was named as a new defendant.

In 1993, several years before Plaintiff commenced either of her lawsuits, the United States Department of Health and Human Services ("HHS") notified Covenant House that it was deemed to be a federal employee under the Public Health Service Act, 42 U.S.C. § 233(h) (West Supp.2000). Under that Act, the exclusive remedy against the United States "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions ... by any commissioned officer or employee of the Public Health Service while acting in the scope of his office or employment" shall be pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* 42 U.S.C. § 233(a). (*See also* Def. Mot. at Ex. 1 (11/12/93 notification letter from HHS to Covenant House)).

One day after filing her second Complaint, Plaintiff submitted to HHS an administrative claim form regarding the same injuries that were subject of her earlier lawsuits. (Def. Mot. at Ex. 4 ("Claim for Damage, Injury or Death" form dated 3/15/00)). Meanwhile, the United States removed Plaintiff's previously filed state court actions to this Court in July 2000. Shortly thereafter, this Court

granted the United States' motion to consolidate Plaintiff's two actions. *See* 8/15/00 Order. The United States then filed the instant Motion on August 22, 2000.

## DISCUSSION

The FTCA provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have finally been denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section....

28 U.S.C. § 2675(a). The statutory language is clear that a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely. *McNeil v. United States,* 508 U.S. 106, 111, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Wujick v. Dale & Dale, Inc.,* 43 F.3d 790, 793–94 (3d Cir.1994) (noting that administrative exhaustion under FTCA is mandatory and that Supreme Court "firmly rejected" the "no harm, no foul" reasoning).

Plaintiff does not dispute that Covenant House is a federal employee or that the FTCA applies to this action. (Pltf. Resp. at ¶ 6). Instead, Plaintiff argues that because all of the issues arise out of the same incident, the interests of fairness and judicial economy favor a single determination of the claim. (*Id.* at ¶¶ 7–8). Further, Plaintiff asserts that, regardless of whether subject-matter jurisdiction exists, she

maintains viable claims against Dr. Luzinski. (*Id.* at ¶ 6). We disagree.

■ Plaintiff essentially admits that this Court has no subject-matter jurisdiction over this case. Moreover, it is clear that Plaintiff failed to follow the administrative guidelines applying to claims against the United States as set out in the FTCA. Finally, Plaintiff's argument that, notwithstanding the dictates of the FTCA, her claims against Dr. Luzinski survive is incorrect. In both her Complaints, Plaintiff unmistakably alleges that Dr. Luzinski was acting within the scope of her employment at Covenant House. (12/10/99 Compl. at ¶¶ 4–10; 3/14/00 Compl. at ¶¶ 5–10). Therefore, there is no question that these claims against Dr. Luzinski are subject to the requirements of the FTCA. *See* 42 U.S.C. § 233(a); 28 U.S.C. § 2675(a). Because Plaintiff has prematurely filed suit before exhausting her administrative remedies, we will grant the United States' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1). *See McNeil,* 508 U.S. at 111–12, 113 S.Ct. 1980; *Krumins v. Atkinson,* No. CIV.A. 96–2144, 1997 WL 22396, at *2 (E.D.Pa. Jan. 17, 1997).

## CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss will be granted. An appropriate order follows.

## *ORDER*

AND NOW, this day of December, 2000, upon consideration of the Motion by the United States to Dismiss (Document No. 4), and Plaintiff's Response thereto, it is hereby ORDERED that the Motion is GRANTED. It is FURTHER ORDERED that this case is DISMISSED WITHOUT PREJUDICE.